UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| SHANNON NELSON | CIVIL ACTION NO. 09-302 |
| VERSUS | JUDGE HICKS |
| WAL-MART LOUISIANA LLC ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is plaintiff Shannon Nelson's ("Plaintiff") appeal of Magistrate Judge Hayes' Memorandum Ruling of April 22, 2009 (Doc. #18) In that ruling, Magistrate Judge Hayes denied Plaintiff's Motion to Remand finding that Defendants' removal was timely. (Doc. #16) The Magistrate Judge found that it was not facially apparent from Plaintiff's state court petition that the amount in controversy was met therefore the 30 day time period for removal was not triggered at the time the state court petition was filed. The Magistrate Judge also found that it was not clear that this case was removable until the Plaintiff testified at her deposition. The Magistrate Judge further found that Defendants' receipt of the written transcript of the deposition testimony - not the actual live deposition testimony - triggered the thirty day removal period to run and that Defendants' removed the case timely. Plaintiff now appeals this ruling.

The Magistrate Judge's ruling is not a recommendation to the district court; rather, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d

382, 385 (5th Cir. 1995) and Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir. 1992). This Court will review the Magistrate Judge's legal conclusions *de novo*, and will review his factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D. Tex. May 5, 2005).

Plaintiff files this appeal of the Magistrate Judge's Ruling denying the Motion to Remand. Plaintiff contends that Defendant's removal was not filed timely. Plaintiff first argues that the facts in the original petition in which she alleged "serious injury to her left shoulder" requiring "extensive medical treatment," coupled with her allegation that her claims exceeded $50,000 for a jury trial, should have put defendants on notice that the amount in controversy exceeded $75,000 and that removal was proper at that time. Plaintiff further argues that even if the Court finds that it was not apparent that the amount in controversy was met in the original petition, subsequent discovery responses and medical reports should have put Defendants on notice that the case was removable much earlier than when Defendants actually removed the case.

The Magistrate Judge looked to the removal statute at 28 U.S.C.§1446(b) as a starting point which states as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ... If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removable on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C.§1446(b).

Considering the removal statute and the facts of this case, this Court finds that the decision of Magistrate Judge Hayes was neither clearly erroneous nor contrary to law. First, the Court agrees with the Magistrate Judge that Plaintiff's generic facts concerning her injury in the original petition did not "affirmatively reveal" that the matter exceeded $75,000. See Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir. 1992), and Fontenot v. Granite State Ins. Co., 2008 US Dist. LEXIS 91613 (W.D. La. Nov.3, 2008). Further, this Court concludes, as did the Magistrate Judge, that the discovery and medical documentation provided by Plaintiff to Defendants after the original petition was filed did not "clearly and unequivocally" indicate that Plaintiff's claims exceeded the amount in controversy. Such discovery and medical documentation did not offer much more information than the original petition. See Chapman, 969 F.2d at 211; Bosky v. Kroger Texas LP, 288 F.3d 208 (5th Cir. 2002).

This Court further agrees with the Magistrate Judge that the thirty day removal period was triggered by the taking of the Plaintiff's deposition in which she revealed she had undergone two surgeries on her shoulder and was continuing to receive medical treatment. Plaintiff argues that the taking of the deposition itself - not the deposition transcript - triggered the removal time which would make Defendants' removal untimely. This Court, however, agrees with the Magistrate Judge that it was not the deposition testimony itself that triggered the removal time to run but the deposition transcript which can be considered "other paper" for the purposes of Section 1446(b). See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir.

1996) (finding that the transcript of deposition testimony is "other paper" sufficient to trigger the thirty day removal clock.) The facts show that Plaintiff's deposition was received by Defendants on February 19, 2009. The notice of removal was then filed by Defendants on February 24, 2009, making the removal timely filed. Accordingly,

**IT IS ORDERED** that Plaintiff Shannon Nelson's appeal (Doc. #18) from the Magistrate Judge's Memorandum Ruling (Doc. #16) be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Memorandum Ruling (Doc. #16) be and is hereby **AFFIRMED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this 9th day of November, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE